■ RONALD G. TARLOWE, Respondent, v. METROPOLITAN SKI SLOPES INC., Appellant.— Judgment entered April 25, 1969 upon a jury verdict in favor of plaintiff-respondent against defendant-appellant, unanimously reversed, on the law, with $50 costs and disbursements to appellant, and the complaint dismissed. Plaintiff, a novice at the sport, went skiing, for the very first time, at the area operated by defendant, from which he also rented the necessary equipment. He was fastened into his rented boots, and they, in turn, to his rented skis by means of a binding supposedly designed to release skis from boots upon the application of certain pressures. When plaintiff started toward the ski slope, he did what most tyros do in similar circumstances: he fell down. The cause of the fall being unexplained, that must be deemed to come within the ancient rule: *volenti non fit injuria*. See discussion by CARDOZO, Ch. J., *Murphy* v. *Steeplechase Amusement Co.* (250 N. Y. 479) and in New York Jurisprudence (Amusements, § 34). The basis of plaintiff's claim is, however, that defendant was negligent in having supplied plaintiff with defective equipment, so that, when he fell, the boot did not separate from the ski and he was thereby caused to be injured. This is indeed a tenable theory if it is proven. We hold it was not. In support of plaintiff's theory, there was produced a so-called expert with no apparent acquaintance, vicarious or otherwise, with the type of equipment in question. He was permitted to state an opinion in conclusory terms concerning the causal factors of the mishap without stating the reasons therefor. He made important calculations not based on any hypothesis derived from the evidence, explaining that the bases for this process were supplied to him by counsel. However, even assuming his expertise — which is difficult to do — he was countered by defendant's manager, who was familiar with and had purchased the equipment, standard for the sport, as new during the preceding year, and who explained its operation in detail in a manner to suggest that no defect could have caused the accident. And this was not negated by anything produced by plaintiff. The factual showing is insufficient to support an inference of negligence to the exclusion of an inference of nonnegligence and there must be applied " the well-settled rule that a defendant must be exonerated if an inference of nonnegligence is as probable as an inference of negligence." (*Breen* v. *Areiter*, 13 A D 2d 833, 834, citing cases.) In short, it appears that " Nothing happened to the plaintiff except what common experience tells us may happen at any time as the consequence of a sudden fall. Many a skater or a horseman can rehearse a tale of equal woe." (*Murphy* v. *Steeplechase, supra,* p. 483.) Concur — McGivern, J. P., Markewich, Steuer and Bastow, JJ.